# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00814-MSK-MEH

PAUL SAUNDERS,

    Plaintiff,

v.

TANCO ENGINEERING, INC.,
HARVEY BOWEN, and
JOHN PRALL,

    Defendants.
_____

## STIPULATED PROTECTIVE ORDER
_____

    Plaintiff Paul Saunders and Defendants Tanco Engineering, Incorporated; Harvey Bowen and Jon Prall, by and through their undersigned attorneys, stipulate and move the Court for the following protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties enter this stipulation to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case or the disclosure of which outside the scope of this litigation would result in significant injury to Defendants' business interests or privacy interests of Defendant Tanco's current, former and temporary employees.

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and other information disclosed pursuant to the disclosure or discovery duties created by the

Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) Plaintiff's medical records; (b) Defendant; (c) current, former or temporary employees of Defendant; (d) proprietary, marketing, trade secrets, personal data, personnel files, disciplinary records, medical information or compensation and benefits information, financial/business/property information and records that are not already matters of public record; and (e) the individual defendants. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or

other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (form attached) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:

"CONFIDENTIAL"

or

CONFIDENTIAL

Subject to Protective Order entered on _____, 2007, in 07-cv-00814-MSK-MEH. Do not reproduce or disclose except as permitted under the terms of the Protective Order.

7. A party may designate documents produced by the other party as

CONFIDENTIAL by giving written notice to opposing counsel designating such documents as described in paragraph 6 no later than fourteen calendar days after entry of this order or receipt of the document, whichever is later.  Counsel for both parties agree that documents designated as CONFIDENTIAL under these circumstances will be treated as confidential in court documents as stipulated in this Order and in the disclosure of such information to individuals after the designation is made.  This Order shall not be enforced as to disclosure or use of such documents that occurred prior to the document's designation as CONFIDENTIAL.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within fourteen business days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  In response, the party designating the disputed information shall state the reason(s) for the designation.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this

Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event it is necessary for the parties to offer into evidence or submit to the Court CONFIDENTIAL information in connection with any pretrial proceeding or motion or as evidence at trial, the parties shall submit the information under seal in compliance with Local Rules 7.2 and 7.3 of the United States District Court for the District of Colorado or any other rules or orders of the Court in effect at the time of filing. Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall also be filed in sealed form. This paragraph does not apply if the CONFIDENTIAL information is redacted before filing or if the opposing party agrees in writing that is not necessary to file that particular CONFIDENTIAL information under seal.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an

affidavit confirming the destruction.

12. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents or information produced subject to this Protective Order.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 21st day of November, 2007.

BY THE COURT:

_s/Michael E. Hegarty_____
Michael E. Hegarty
United States Magistrate Judge

STIPULATED AND AGREED TO:

| | |
|---|---|
| Date: November 19, 2007 | s/ Karen Hendrick Larson<br>Karen Hendrick Larson<br>1120 Lincoln Street, Suite 711<br>Denver, Colorado 80203<br>Telephone: 303-831-4404<br>Fax: 303-830-8843<br>kvirginia@aol.com<br>Attorney for Plaintiff |
| Date: November 20, 2007 | s/ Susan M. Schaecher<br>Susan M. Schaecher<br>Stettner Miller, P.C.<br>1050 17th Street, Suite 700<br>Denver, Colorado 80265-2008<br>Telephone: 303-534-0273<br>Fax: 303-534-5036<br>sschaecher@stetmil.com<br>Attorneys for Defendants |

# ACKNOWLEDGMENT

1.I have read the Protective Order in *Saunders v. Tanco Engineering, Incorporated, et al.*, United States District Court, District of Colorado, Case No. 07-cv-00814-MSK-MEH, a copy of which is attached to this Acknowledgment.

2.I have been informed by _____, attorney for _____ that the materials described in the list attached to this Acknowledgment are Confidential Information as defined in the Protective Order.

3.I promise that I have not and will not divulge or undertake to divulge to any person, entity, the media, or a recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

5.I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____
_____

Telephone No: (___)_____